UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MCGRIFF INSURANCE SERVICES,
INC., f/k/a BB&T Insurance
Services, Inc.,

    Plaintiff,

v.                                  Case No:  2:21-cv-480-JES-NPM

EUGENE LITTLESTONE, CALEB
LITTLESTONE, DAWN DISCH,
DOUGLAS FIELDS, MICHAEL
FIELDS, and ALLIANT
INSURANCE SERVICES, INC.,

    Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #24) filed on July 19, 2021.  Plaintiff filed a Response in Opposition to Defendant Dawn Disch's Motion to Dismiss (Doc. #46) on August 9, 2021.  Defendant filed a Motion for Leave to File a Reply (Doc. #50) on August 13, 2021.  The motion will be denied as moot.

**I.**

    Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

## II.

Defendant Dawn Disch seeks dismissal of claims against her based on "the parties' employment agreement which contains a mandatory forum selection clause requiring them to litigate their claims in state court in Lee County, Florida." (Doc. #24, p. 1.) Disch also contests the validity and enforceability of the employment agreement. (Id., n.1.) McGriff admits that the Agreement contains a mandatory forum selection clause but argues that the public interest factors weigh in favor of keeping the claims. (Doc. #46, p. 2.)

The Amended Complaint (Doc. #10) was filed by plaintiff McGriff Insurance Services, Inc., formerly known as BB&T Insurance Services, Inc. (McGriff), against former employee Dawn Disch (Disch) and others for violation of their employment agreements and the theft of trade secret information. (Id., ¶ 1.) Disch executed an Employment Agreement on July 6, 2008, containing

2

restrictive covenants that preclude her from engaging in certain competitive activity for a period of two years following the end of employment, soliciting, or selling products or attempting to sell products to clients or prospective clients of McGriff. (Id., ¶¶ 23-24.) Plaintiff alleges that shortly after her departure from McGriff, Disch began working with Alliant, a direct competitor. (Id., ¶ 26.)

Plaintiff alleges that Disch breached the confidentiality provisions in paragraph 15 of the Employment Agreement. (Id., ¶ 61.) Plaintiff also alleges that Disch misappropriated McGriff's trade secrets that were revealed to them by retaining them to compete with McGriff and for the benefit of Alliant and the clients of Alliant. (Id., ¶¶ 70-72, 87.) Plaintiff alleges that Disch breached the non-solicitation provisions of her Employment Agreement by diverting business relationships from McGriff to Alliant, and that the restrictive covenants are reasonably necessary to protect legitimate business interests. (Id., ¶¶ 122-123.)

The Employment Agreement referenced by and attached to the Complaint in question was entered into between Disch and Oswald, Trippe and Company, Inc. (Doc. #1-3). In the Response to Motion for Temporary Restraining Order/Preliminary Injunction (Doc. #27), Disch states that the Employment Agreement was entered into with her "former employer, Oswald, Trippe and Company, Inc., which

3

McGriff now seeks to enforce as to Disch." (Doc. #27, p. 5.) In plaintiff's Response in Opposition to Defendant Dawn Disch's Motion to Dismiss, plaintiff argues:

> While not a basis for Disch's motion to dismiss as such, in Defendants' response in opposition to Plaintiff's motion for TRO, Defendants argue the fact that Disch entered into her Employment Agreement with Oswald, Trippe and Company, Inc. ("OTC") and not McGriff, and that McGriff "has presented no evidence that this agreement was assigned to McGriff when it acquired OTC," "likely renders Disch's agreement unenforceable." [Doc. 27 at n.4] Disch is incorrect as a matter of law on this point. BB&T Insurance Services, Inc. (which subsequently was renamed to McGriff) acquired OTC through a merger, and accordingly no assignment of Disch's agreement was needed in the first place. []

(Doc. #46, p. 3 n.1.) Unfortunately, there is no such statement in the Amended Complaint that Oswald, Trippe and Company was acquired through a merger, or that McGriff was the employer as a result of the merger. Therefore, any reliance on the Employment Agreement by plaintiff or Disch is misplaced. The Court cannot consider whether the forum clause should be enforced against plaintiff if the alleged facts fail to reflect that McGriff was a party to the Agreement. As there is a failure to state a claim against Disch, the motion will be granted.

Accordingly, it is now

**ORDERED**:

4

1. Defendant's Motion to Dismiss (Doc. #24) is **GRANTED** to the extent that the Amended Complaint is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.
2. Defendant's Motion for Leave to File a Reply (Doc. #50) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record