```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MCGRIFF INSURANCE SERVICES,
INC., f/k/a BB&T Insurance
Services, Inc.,

      Plaintiff,

v.                             Case No:   2:21-cv-480-JES-NPM

EUGENE LITTLESTONE, CALEB
LITTLESTONE, DAWN DISCH,
DOUGLAS FIELDS, MICHAEL
FIELDS, and ALLIANT
INSURANCE SERVICES, INC.,

      Defendants.

_____

## OPINION AND ORDER

    This matter comes before the Court on defendant Michael Fields' Motion to Sever and Transfer (Doc. #25) filed on July 19, 2021.  Plaintiff filed a Response in Opposition (Doc. #41) on August 2, 2021, and defendant filed a Reply (Doc. #49) on August 13, 2021.

    Defendant M. Fields argues that the employment agreement with plaintiff has a mandatory forum selection clause requiring claims to be litigated in Broward County or the Southern District of Florida.  Defendant argues that the change of venue would not pose a hardship, the clause is valid and unchallenged, and the clause unambiguously provides that suits must be filed in Broward County or the U.S. District Court for the Southern District of Florida.

For these reasons, defendant seeks a transfer and severance from the other defendants. Paragraph 17 of the Employment Agreement (Doc. #17-2, p. 72) states:

> 17. <u>Governing Law; Selection of Exclusive Venue</u>. The validity, performance, construction and effect of this Agreement shall be governed by the substantive laws of the State of Florida, without regard to the provisions for choice of law thereunder. Additionally, the parties agree that any action arising from or relating to the enforcement of this Agreement, including any challenge to the validity or enforcement hereof, shall be governed by Broward County, Florida or the United States District Court for the Southern District of Florida (the "Selected Courts"). Employee hereby consents to personal jurisdiction in Florida and hereby waives any objection to the exercise of personal jurisdiction over Employee by any of the Selected Courts.

(<u>Id.</u>, p. 83.) "The enforceability of a forum-selection clause in a diversity jurisdiction case is governed by federal law" "and ordinary principles of contract interpretation apply." <u>Emerald Grande, Inc. v. Junkin</u>, 334 F. App'x 973, 975 (11th Cir. 2009) (citations omitted). Typically, forum selection clauses are classified one of two ways: "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, "dictates an exclusive forum for litigation under the contract." <u>Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.</u>, 378 F.3d 1269, 1272 (11th Cir. 2004)

(quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)).

Examining the language, the clause states that "any action arising from or relating to" "shall be governed by" Broward County or the federal court in the Southern District of Florida. The title of the clause references "Exclusive Venue", but the clause itself does not use the term "venue" or "jurisdiction" or state that any action must be "brought in" a particular venue. The Court finds that the clause is permissive in nature.

The Court finds that the language is vague in its use of "shall be governed by" as it does not clearly establish a venue, exclusive or not. Plaintiff argues that the clause is "an elaboration on what law 'governs' such disputes." (Doc. #41, p. 3.) "The phrase is simply ambiguous, it lends itself to several possible reasonable interpretations, and rather than strain to find that one should prevail over another, we must simply construe it against [] the drafter." Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1274 (11th Cir. 2004). The Court finds that the clause does not support or contradict transfer. Rather, it does not address venue at all. In stark contrast, the other Employment Agreements with Eugene Littlestone and D. Fields state that any action "shall be brought exclusively in the state court of Lee County, Florida or the United States

District Court for the Middle District of Florida." (Doc. #17-2, pp. 12, 57.)

Even if the Court were to construe the clause as providing venue in Broward County or the Southern District of Florida, the Court finds that the relevant factors do not weigh in favor of transfer. Under Section 1404, the Court must also consider "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The factors considered are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The convenience for parties, witnesses, and the access to relevant documents is not relevant because there is little difference between Lee County and Broward County in terms of location. Florida law can be applied just as easily in Lee County as this forum's familiarity with the governing law is the same. Trial efficiency and the interests of justice also weigh in favor of maintaining the case in Lee County, Florida.

Accordingly, it is hereby

**ORDERED:**

Defendant Michael Fields' Motion to Sever and Transfer (Doc. #25) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record