```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MCGRIFF INSURANCE SERVICES,
INC., f/k/a BB&T Insurance
Services, Inc.,

      Plaintiff,

v.                                  Case No:  2:21-cv-480-JES-NPM

EUGENE LITTLESTONE, CALEB
LITTLESTONE, DAWN DISCH,
DOUGLAS FIELDS, MICHAEL
FIELDS, and ALLIANT
INSURANCE SERVICES, INC.,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on defendant's Second Motion to Dismiss Plaintiff's Claims Against Defendant Dawn Disch (Doc. #64) filed on September 14, 2021. Plaintiff filed a Response in Opposition (Doc. #68) on September 22, 2021. Defendant Dawn Disch seeks to enforce the forum selection clause of her Employment Agreement (Doc. #17-2, p. 32), which states that "[v]enue for any dispute under this Agreement shall exclusively be in the state courts of competent jurisdiction sitting in Lee County, Florida." (Id., p. 41.)

"A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation

under the contract." Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (citation omitted). Plaintiff does not dispute that the Employment Agreement contains a mandatory forum selection clause but argues that public interest factors weigh in favor of the Court keeping the claims against Disch.  (Doc. #68, p. 3.)

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 60 (2013).  A "valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. at 63 (citation omitted).  Plaintiff does not dispute the validity or mandatory nature of the venue clause.[1]  Defendant Disch is named in Count II of the Second Amended Complaint (Doc. #53) for breach of the confidentiality agreement, in Counts III and IV for misappropriation of trade secrets, in Count V for tortious interference with advantageous business relationships, in Count IX for breach of non-solicitation provisions in the employment contract, in Count XII for declaratory judgment, and in Count XIII for injunctive relief.  All counts against Disch arise from the terms of the Employment Agreement, including the allegations regarding trade secrets "subject to the

---

[1] The venue clause in question is unique to this defendant.

restrictions contained in their Employment Agreements," and therefore are within the scope of the venue restriction. (Id., ¶ 71.)

"[A] forum selection clause will only be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Cornett v. Carrithers, 465 F. App'x 841, 842-43 (11th Cir. 2012) (citations omitted). There is no allegation of fraud or overreaching in this case. Pursuing a case in the Twentieth Judicial Circuit Court in Lee County, Florida, literally a block from the federal courthouse, does not pose an inconvenience. Such a court would not deprive plaintiff of a remedy as venue remains within the State of Florida where plaintiff filed the action. Since the mandatory clause is part of the agreed-upon Employment Agreement with plaintiff, there is no unfairness in enforcing the provision.

Plaintiff relies primarily on the public policy component. "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.' [ ] The Court must also give some weight to the

plaintiffs' choice of forum." Atl. Marine Const., 571 U.S. at 63 n.6 (quoting Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955)).

Plaintiff argues that the local interest factor weighs in its favor when the "claims at issue are considered holistically". (Id., p. 6.) The Court finds that this factor is neutral, since plaintiff is a North Carolina corporation, and the case would remain in Florida. As to the third factor, the claims are based on Florida state law, with one federal claim which mirrors a state statute. The state court is well-equipped to address all the claims.

Plaintiff argues that judicial economy is better served by denial of the motion. Lee County Circuit Court already has a heavy docket, and Plaintiff argues that dismissing Disch would simply add one case to the state system while leaving the other defendants pending in federal court. Unlike Atl. Marine Const., this case involves several defendants with varying employment agreements, or no agreements, and different facts as to their individual departures from plaintiff corporation. Disch's venue clause is unique to her agreement. The change of venue would effectively sever Disch from the action, while the rest of the case moves forward. Thus, the judicial economy and court congestion factors weigh marginally in Plaintiff's favor. This case is not so unusual or extraordinary that the Court would decline to enforce the mandatory forum selection clause. See,

e.g., PNC Bank, N.A. v. Akshar Petroleum, Inc., No. 3:13-CV-436-J-34PDB, 2014 WL 1230689, at *7 (M.D. Fla. Mar. 25, 2014) ("While the Court is certainly cognizant of the importance of conserving judicial resources, the Bank has not demonstrated that the burden on the court system in dividing this particular lawsuit would be so great as to constitute the type of "unusual" or "extraordinary" circumstances referenced in Atlantic Marine.").

Accordingly, it is hereby

**ORDERED:**

Defendant's Second Motion to Dismiss Plaintiff's Claims Against Defendant Dawn Disch (Doc. #64) is **GRANTED** and defendant Dawn Disch is dismissed without prejudice based on the mandatory forum selection clause.  The Clerk shall terminate defendant Dawn Disch as a defendant in this case.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of October 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record