```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

MCGRIFF INSURANCE SERVICES,
INC., f/k/a BB&T Insurance
Services, Inc.,

       Plaintiff,

v.                               Case No:  2:21-cv-480-JES-NPM

EUGENE LITTLESTONE, CALEB
LITTLESTONE, DOUGLAS FIELDS,
MICHAEL FIELDS, and ALLIANT
INSURANCE SERVICES, INC.,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Partial Dismissal of Defendants' Counterclaims Pursuant to Rule 12(b)(6) (Doc. #74) filed on November 16, 2021.  Defendants filed a Response in Opposition (Doc. #75) on December 7, 2021.  Plaintiff filed a Reply (Doc. #78) on December 22, 2021, with leave of Court.

On August 25, 2021, plaintiff McGriff Insurance Services, Inc. (McGriff) filed a Second Amended Complaint (SAC, Doc. #53) setting forth eight claims against various defendants.  Included in the SAC were Counts III and IV, which alleged violation of the federal Defend Trade Secrets Act (DTSA) and the Florida Uniform Trade Secrets Act (FUTSA).  On October 12, 2021, the Court issued

an Opinion and Order (Doc. #72) dismissing Counts III and IV of the SAC, stating:

> The Court finds that the allegations are sufficient as to description of the trade secrets, however there are no facts to support which defendant took trade secrets, how they took the secrets, when they took it, or how plaintiff knows trade secrets were misappropriated.

(Doc. #72, p. 14.)  The dismissal was without prejudice (id. at 17-18), although no further attempt to assert such claims has been made in this case.

On October 26, 2021, defendants Eugene (E.) Littlestone, Caleb (C.) Littlestone, Douglas (D.) Fields, Michael (M.) Fields, and Alliant Insurance Services, Inc. (collectively counterclaim plaintiffs) filed a Counterclaim (Doc. #73) against McGriff as part of their Answer and Affirmative Defenses.  Included in the Counterclaim is Count Three, a "Bad Faith Trade Secrets Claim" by all counterclaim plaintiffs against McGriff.  This claim seeks the award of attorney fees and costs under both the DTSA and the FUTSA based on the Court's prior dismissal of Counts Three and Four of the SAC.  In Count Four of the Counterclaim, all counterclaim plaintiffs asserted a claim against McGriff for tortious interference with prospective business relationships.

McGriff now moves to dismiss Counts Three and Four of the Counterclaim as being insufficiently pled. For the reasons set forth below, plaintiff's Motion is granted as to Count Three and denied as to Count Four.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

**II.**

In Count Three of the Counterclaim, counterclaim plaintiffs seek an award of attorneys' fees and costs pursuant to the DTSA and the FUTSA for McGriff's alleged bad faith in making the claims

of trade secret misappropriation in the SAC.  (Doc. #73, ¶¶ 87-89.)  Counterclaim plaintiffs allege that McGriff made no allegation in the SAC concerning how or by whom any trade secrets had been misappropriated, and that the claims were dismised by the district court.  (Id. at ¶¶ 90-91.)  Counterclaim plaintiffs further allege that McGriff has no evidence suggesting that any of them misappropriated any of McGriff's trade secrets, and that the claims in the SAC were brought for the sole purpose of harassing and smearing them and without McGriff having conducted a thorough investigation to determine the merit of the claims.  (Id. at ¶¶ 92-93.)  Counterclaim plaintiffs assert that McGriff knew, or were reckless in not knowing, that the SAC claims had no merit.  (Id. at ¶ 94.)  Counterclaim plaintiffs assert they were damaged by the bad faith trade secret claims by having to retain counsel to defend the claims and the case.  (Id. at ¶ 95.)  Counterclaim plaintiffs conclude that "[t]herefore, McGriff is liable to Counterclaim Plaintiffs for their attorneys' fees and costs in defending against the trade secret claims."  (Id., p. 35, ¶ 96.)

McGriff seeks dismissal of Count Three of the Counterclaim. McGriff argues that Count Three cannot be brought as a stand-alone claim for attorneys' fees just because the SAC trade secret claims were dismissed; that the Court did not make any findings that

- 4 -

McGriff engaged in bad faith; and that counterclaim plaintiffs were not prevailing parties entitled to attorney fees and costs. (Doc. #74, pp. 4-5.)

The Court notes that counterclaim plaintiffs do not assert either of the more typical causes of action recognized in Florida when a defendant claims to have been improperly hauled into court. E.g., Gause v. First Bank of Marianna, 457 So. 2d 582, 584 (Fla. 1st DCA 1984) ("The elements of a cause of action in malicious prosecution are: 1) the commencement or continuation of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against the plaintiff; 3) its bona fide termination in favor of the plaintiff; 4) the absence of probable cause for such a prosecution; 5) the presence of malice; and 6) damages conforming to legal standards resulting to the plaintiff."); Bothmann v. Harrington, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984)("Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed."). See also Cline v. Flagler Sales Corp., 207 So. 2d 709 (Fla. 3d DCA 1968). Similarly, counterclaim plaintiffs do not pursue relief under Fed. R. Civ. P. 11(c).

Rather, counterclaim plaintiffs assert that the federal and state trade secret statutes create a free-standing cause of action to recovery attorney fees and costs. While the statutes could indeed have done so, neither did. The statutes each create a cause of action for misappropriation of trade secrets, with the possibility of an award of attorney fees by the court.

**(1) FUTSA**

Florida's trade secret law is governed by the Uniform Trade Secrets Act, Fla. Stat. §§ 688.001-688.009 (FUTSA). See Fla. Stat. § 688.001; Digiport, Inc. v. Foram Dev. BFC, LLC, 314 So. 3d 550, 553 (Fla. 3d DCA 2020). To successfully state a cause of action under FUTSA, a plaintiff must allege that: "(1) the plaintiff possessed secret information, (2) took reasonable steps to protect its secrecy, and (3) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc., 307 So. 3d 927, 929 (Fla. 3d DCA 2020) (quoting Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001)); Mapei Corp. v. J.M. Field Mktg., Inc, 295 So. 3d 1193, 1198 (Fla. 4th DCA 2020) (same). If misappropriation of a trade secret is proven, "a complainant is

entitled to recover damages for misappropriation." § 688.004(1), Fla. Stat. These damages "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss" or "a reasonable royalty." Id. If the misappropriation was willful and malicious, "exemplary damages in an amount not exceeding twice any award made under subsection (1)" may be awarded by the court. Fla. Stat. § 688.004(2).

Attorney fees are governed by Fla. Stat. § 688.005, which states: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." Fla. Stat. § 688.005. Thus, if the misappropriation was willful and malicious and the complainant prevails on the claim, "the court may award reasonable attorney's fees to the prevailing" complainant. Fla. Stat. § 688.005. On the other hand, if a claim of misappropriation is made in bad faith by the complainant, and defendant prevails on the claim, "the court may award reasonable attorney's fees to the prevailing" defendant. Id.

"The prevailing party for purposes of attorney fees is a party that the trial court determines prevailed on significant issues in

the litigation." Largo Med. Ctr., Inc. v. Kowalski, 2021 WL 5344793, at *3, ___ So. 3d ___, 46 Fla. L. Weekly D2447 (Fla. 2d DCA Nov. 17, 2021) (citing Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992)). "Even where a case has been dismissed without prejudice, Florida courts have held that a defendant can recover attorney fees and costs as the prevailing party." Id. (citations omitted).

In this case, two claims were dismissed without prejudice for failure to state a claim. McGriff did not move to amend the trade secret claims, but the remainder of the case remains pending, and no partial judgment has been filed. While counterclaim plaintiffs may be a "prevailing party" under Florida law, it is clear that there is no freestanding claim for attorney fees which can be set forth in a pleading. Rather, a request for attorney fees (and costs) is made by a motion, Fed. R. Civ. P. 54(d)(2)(A), filed within 14 days after entry of judgment, Fed. R. Civ. P. 54(d)(2)(B)(i). Accordingly, Count Three of the Counterclaim is dismissed without prejudice as it relates to the request for attorney fees and costs under the FUTSA.

**(2) DTSA**

The federal trade secret statute is similar. In a civil action brought with respect to the misappropriation of a trade

secret, a court may "award reasonable attorney's fees to the prevailing party" "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(D).  Counterclaim plaintiffs may or may not be prevailing parties under federal law.

> Most federal fee statutes allow a court to award fees only to a prevailing party.[] Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Res., 532 U.S. 598, 602-03 (2001). A dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena. [citations omitted] In the words of the standard the Supreme Court has announced for determining prevailing party status, a dismissal that allows for refiling does not result in a "material alteration of the legal relationship of the parties." Buckhannon, 532 U.S. at 604; see Alief [Ind. Sch. Dist. v. C.C. ex rel. Kenneth C., 655 F.3d 412, 418 (5th Cir. 2011)] (citing [United States v. Milner, 583 F.3d 1174, 1196-97 (9th Cir. 2009))]. A dismissal without prejudice thus does not make any party a prevailing one.

Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC., 908 F.3d 948, 951 (5th Cir. 2018).  What is clear, however, is that a request for attorney fees as a prevailing party is addressed to the court in the usual fashion, i.e., motion, Fed. R. Civ. P. 54(d)(2)(A), filed within 14 days after entry of judgment, Fed. R. Civ. P.

54(d)(2)(B)(i). Accordingly, Count Three of the Counterclaim is dismissed without prejudice as it relates to the request for attorney fees and costs under the DTSA.

### III.

In Count Four, counterclaim plaintiffs allege a claim for Tortious Interference with Prospective Business Relationships. (Doc. #73, pp. 35-36.)  Count Four asserts that after the individuals departed McGriff, many prospective customers reached out to them or McGriff to move their business from McGriff to Alliant. (Id. at ¶ 98.)  McGriff knew that some of the customers were seeking to move their business (id. at ¶ 99), and on multiple occasions McGriff intentionally interfered with the transition by falsely representing to the customers that D. Fields, M. Fields, E. Littlestone, and/or C. Littlestone were subject to non-competition agreements (id. at ¶ 100). As a result, counterclaim plaintiffs allege that they lost the opportunity to do business with customers who would have chosen to move their business from McGriff to Alliant and they have been damaged in the form of lost profits from these prospective relationships.  (Id. at ¶¶ 101-102.)

McGriff seeks dismissal because the allegations do not show that a McGriff client decided to stay with McGriff and not join

Alliant because of the purported false statement by a McGriff employee. (Doc. #74, p. 8.) The Court finds a plausible claim has been stated.

> As the Court has previously stated,
>
> > "[t]he elements of tortious interference with a business relationship are (1) the existence of a business relationship (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994) (citation omitted). "As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." Id., at 815.

(Doc. #72, p. 5.) "In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers." Ethan Allen, 647 So. 2d at 815. A plaintiff can prevail "if the jury finds that an understanding between the parties would have been completed had the defendant not interfered." Duty Free Americas, Inc. v. Estee Lauder Cos., Inc., 797 F.3d 1248, 1279 (11th Cir. 2015). Counterclaim plaintiffs have alleged the existence of a relationship with prospective clients who would have moved to Alliant, that McGriff

knew and intentionally made false statements to make the clients stay with McGriff, and that damages consist of the lost profits from the loss of the clients.  The Court finds that the allegations are sufficient to plausibly state a claim at this stage of the proceedings.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Partial Dismissal of Defendants' Counterclaims Pursuant to Rule 12(b)(6) (Doc. #74) is **GRANTED** as to Count Three of the Counterclaim and **DENIED** as to Count Four of the Counterclaim.  Count Three is dismissed without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of December 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record